LAEHN COAL & WOOD COMPANY, INC., Respondent, vs. CLINTONVILLE SALES CORPORATION and another, Appellants.*

*September 8—October 5, 1954.*

For the appellants there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Adolph P. Lehner*.

---

* Motion for rehearing denied, without costs, on January 11, 1955.

For the respondent the cause was submitted on the brief of *E. L. Aschenbrener* of Shawano.

FAIRCHILD, C. J.   The complaint states the corporate existence of both the plaintiff corporation and of the defendant Sales Corporation, and the relation of defendant Umland to the defendant Clintonville Sales Corporation.   It alleges that the individual and the corporation defendant are real-estate brokers operating under licenses issued by the Wisconsin real-estate brokers board.   In its ruling upon the demurrers, the circuit court said: "It is apparent from the complaint that plaintiff claims causes of action against the defendants based on the contract executed between the parties, and it is proper for plaintiff to join the defendants and to set forth the proposed causes of action against them as has been done."

The first cause of action is based on the fact that the defendants entered into a contract with plaintiff under which defendants secured "an exclusive listing contract of business property" for its sale.   The contract runs to Umland and the Clintonville Sales Corporation.   It was accepted by A. R. Umland, the president of the corporation, and the defendants undertook to act as agents for plaintiff.   The complaint in the trial-court action claims a breach of duty by the defendants and alleges the damages resulting from such breach to the extent of $32,185.21, for which amount recovery is asked. There is in the second cause of action an allegation that the defendants, when acting under the contract, by their negligent conduct injured the physical property of plaintiff to the extent of $5,000, for which amount plaintiff seeks recovery.

It is considered that the ruling of the trial court must be affirmed.   The pleading fairly informed the defendants of what they were to meet.   The causes of action are not improperly united (sec. 263.04, Stats.).   A contract was entered into by defendants and accepted by plaintiff.   The benefits

contracted for have not been delivered; the property was damaged; and the defendants are indebted to plaintiff as the facts now stand under the demurrer.

*By the Court.*—Order affirmed. Cause remanded for further proceedings according to law.